1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

10
11
12

| | |
|---|---|
| OptumRx, Inc., a California Corporation,<br><br>               Plaintiff,<br><br>        v.<br><br>sanofi-aventis U.S. LLC, a Delaware limited liability company; And DOES 1-10,<br><br>               Defendants. | Case No.  SACV12-1642 JVS (FFMx)<br>Hon. Frederick F. Mumm<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:  August 17, 2012<br><br>First Amended Counterclaim Filed: January 16, 2013 |
| sanofi-aventis U.S. LLC, a Delaware limited liability company,<br><br>               Counter-Claimant,<br><br>        v.<br><br>OptumRx, Inc., a California Corporation,<br><br>               Counter-Defendant | **Note Changes Made by Court.** |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1. **PURPOSES AND LIMITATIO**NS.

Discovery activity in this action may involve production of confidential, proprietary, competitively sensitive, or private information for which special protection from public disclosure or use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.  U.S. District Court for the Central District of California Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS.**

2.1    "Challenging Party":  A party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" shall mean documents, testimony, information or other things that the Designating Party (as defined below) believes, in good faith, contain (1) confidential business, financial, personal, or commercial information or competitively-sensitive information not customarily disclosed to the general public; or (2) any third-party documents, testimony or information or other things that the third party currently maintains as confidential, seeks to maintain as confidential for purposes of the above-captioned action, and the disclosure of which may have the effect of causing harm to the third-party person, firm, partnership, corporation or organization from which the documents, testimony or information was obtained.

2

"CONFIDENTIAL" Information may consist of, without limitation, (1) testimony given in this Action by any Party (as defined below) or by any third party (whether oral, in writing, or via videotape), **other than testimony provided in open court**; **(FFM)** (2) documents produced in this action by any party or by any third party; (3) written discovery responses given by any Party; (4) any documents or pleadings filed with the Court which attach, contain or disclose any such "CONFIDENTIAL" Information; and (5) the information contained within such documents, testimony or discovery responses so properly designated.

2.3    "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall be limited to such documents, testimony, information or other things that the Designating Party believes, in good faith, contain information the disclosure of which is likely to cause substantial harm to the competitive position of the Designating Party, contain information subject to the right of privacy of any person, or contain information alleged to be a trade secret.  None of the restrictions set forth in this Stipulated Protective Order shall apply to any documents or other information that are or become public knowledge by means not in violation of the provisions of this Stipulated Protective Order, or any law or statute.

2.4    "Designating Party":  A party or non-party that designates information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

2.5    "Discovery Material":  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in responses to discovery in this matter.

2.6    "Expert":  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party (as defined below) or its

[PROPOSED] STIPULATED PROTECTIVE ORDER

counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or competitor of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party or competitor of a Party.

2.7 "Non-Party":  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8 "Outside Counsel":  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action, along with such attorneys' support staff.

2.9 "Party":  any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support staffs).

2.10 "Producing Party":  a Party or Non-Party that produces Discovery Material in this action.

2.11 "Professional Vendors":  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 "Protected Material":  any Discovery Material or other Confidential Information that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY"

2.13 "Receiving Party":  a Party that receives Discovery Material from a Producing Party.

3. **SCOPE.**

The protections conferred by this Stipulation and Order cover all Protected Material (as defined above), and (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

[PROPOSED] STIPULATED PROTECTIVE ORDER

Material; and (3) any testimony, conversations, or presentations by Parties or their Outside Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.   DURATION.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees other-wise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL.

5.1   **Designating Material for Protection.**  Parties and Non-Parties may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" where the material meets the requirements listed in Sections 2.2 and 2.3, above.

/ / /

[PROPOSED] STIPULATED PROTECTIVE ORDER

5.2     **Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify.   Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.3     **Any Party May Designate Information Produced by Other Party**. Any Party may designate information or documents disclosed by another Party or Non-Party in response to written discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" pursuant to this Order by so indicating in writing within 21 days after receipt of said information or documents, providing an identification by relevant document numbers or other means of the document or information (or portion thereof) to be so designated.

5.4     **Manner and Timing of Designations**.  Discovery Material that qualifies for protection under this Order must be clearly so designated.  Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-

6

ATTORNEY'S EYES ONLY" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) by making appropriate markings in the margins or by some other method that clearly designates such portions as Protected Material.

(b) for testimony given in deposition ~~or in other pretrial proceedings~~, that the Designating Party identify on the record, before the close of the deposition, ~~hearing, or other proceeding~~, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, ~~hearing, or other proceeding~~ is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  **(FFM)**

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Deposition transcript pages that reflect Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.  The Designating Party shall inform the court reporter of these requirements.

5.5     **Failure to Designate is Not Waiver**.  An inadvertent failure to designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" using the procedures described above shall not operate to waive a party's or non-party's right to later so designate such material.  The Producing Party may subsequently designate Discovery Material as Protected Material in the following manner: (a) the Producing Party must give prompt, written notice to Outside Counsel for the Party to whom such documents, testimony, or other information have been disclosed informing them that the information produced is designated Protected Material; (b) Outside Counsel receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistent with such new designation, but shall not be responsible for any disclosure to non-parties occurring before receipt of notice; and (c) at its own expense, the Designating Party will provide the Party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the appropriate designation.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1     **Timing of Challenges**.  Any Party may challenge a designation at any time.  Unless a prompt challenge is necessary to avoid foreseeable substantial unfairness, unnecessary substantial economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation.

6.2     **Meet and Confer**.  To challenge a designation, the Challenging Party shall initiate the dispute resolution process by providing the Designating Party and the Named Parties with written notice of each designation at issue which describes the

8

basis for each challenge.  Within 7 days of receipt of said notice, the Designating Party shall provide the basis for the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" designation to the Challenging Parties and the Parties. The parties shall attempt to resolve each challenge in good faith by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to do so in a timely manner.

6.3   **Judicial Intervention**.  If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a Joint Stipulation concerning the matters in dispute, pursuant to Local Rules 37-1 and 37-2, within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Failure by the Designating Party to make such a motion through the filing of a Joint Stipulation shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may challenge a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous assertions of confidentiality and/or challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party or the Challenging Party, as the case may be, to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the confidentiality requested until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL.**

7.1     **Basic Principles**.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

7.2     **Disclosure of CONFIDENTIAL Information or Items**.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated CONFIDENTIAL only to the following persons.  All, except for those under subsections (d), (e), and (g) below, must receive a copy of this Order and sign the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A:

(a)     the Receiving Party's insurers and Outside Counsel in this action, as well as Outside Counsel's employees to whom it is reasonably necessary to disclose the information for this litigation.

(b)     the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d)     the court and its personnel;

(e)     court reporters and videographers and their staff;

(f)     professional jury or trial consultants to whom disclosure is reasonably necessary for this litigation;

(g)     Professional Vendors to whom disclosure is reasonably necessary for this litigation;

/ / /

10

1           (h)    witnesses in deposition to whom disclosure is reasonably

2    necessary for this litigation.

3          7.3    **Disclosure of HIGHLY CONFIDENTIAL-ATTORNEY'S EYES**

4    **ONLY Information or Items**.  Unless otherwise ordered by the court or permitted in

5    writing by the Designating Party, a Receiving Party may disclose Protected Material

6    designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY only to the

7    following persons.  All, except for those under subsections (c), (d), and (e) below, must

8    receive a copy of this Order and sign the "Acknowledgement and Agreement to Be

9    Bound" that is attached hereto as Exhibit A:

10          (a)    the Receiving Party's Outside Counsel in this action, as well as

11    Outside Counsel's employees to whom it is reasonably necessary to disclose the

12    information for this litigation.

13          (b)    Experts (as defined in this Order) of the Receiving Party to whom

14    disclosure is reasonably necessary for this litigation;

15          (c)    the court and its personnel;

16          (d)    court reporters and videographers and their staff;

17          (e)    Professional Vendors to whom disclosure is reasonably necessary

18    for this litigation;

19          (f)    the author or recipient of a document containing the information or

20    a custodian or other person who otherwise possessed or knew the information,

21    where reasonably necessary for this litigation.

22    **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

23    **IN OTHER LITIGATION.**

24          If a Party is served with a subpoena or a court order issued in other litigation

25    that compels disclosure of any information or items designated in this action as

26    Protected Material that Party must:

27

28

11

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce the Protected Material before a determination by the court from which the subpoena or order issued that the Protected Material must be produced.  The Designating Party shall bear the burden and expense of seeking protection, and nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

**9.    PROTECTED MATERIAL FROM A NON-PARTY.**

9.1    The terms of this Order and the available remedies and relief set forth herein are applicable to Protected Material of a Non-Party.

9.2    A Non-Party from which discovery is sought may obtain the protection afforded by the Order, and shall be informed of same by the Requesting Party at the time the discovery request is made upon said Non-Party.

9.3    In the event documents in the possession or control of a Party involves the confidentiality rights of a Non-Party, or its disclosure would violate a protective order issued in another action, the Party with possession or control of the documents will notify the Party seeking discovery of (a) the existence of the information without producing such information; and (b) the identity of the Non-Party (provided, however,

12

that such disclosure of the identity of the Non-Party does not violate any confidentiality obligations).  The Party seeking discovery may then make further application to the Non-Party or seek other means to obtain such information, to the extent such information is reasonably necessary for this litigation.

**10.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person not authorized herein, it must immediately: (a) notify the Designating Party in writing what was disclosed and to whom; (b) use its best efforts to retrieve all Protected Materials improperly disseminated, including all copies; (c) inform the person(s) to whom such unauthorized disclosures were made of all of the terms of this Order, and (d) request such person(s) to execute the "Acknowledgment and Agreement to be Bound" attached as Exhibit A.

**11.** **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.**

The inadvertent disclosure of a document that a Producing Party believes is subject to privilege or work product protection shall not constitute a waiver or estoppel of any such privilege or protection.  In the event of such inadvertent disclosure, the producing party may provide written notice of same and request that all copies of any such documents be returned, whereupon the Receiving Party shall return all copies of such documents, delete them from its files, destroy all notes or other work product that reflect them, and shall not use the documents in any way.  The written notice shall include a privilege log for each document for which privilege or work product is claimed.  Such return or confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the materials for reasons other than its inadvertent production.

[PROPOSED] STIPULATED PROTECTIVE ORDER

**12.   FILING PROTECTED MATERIAL IN COURT.**

   12.1   **Filing Protected Materials**.  In connection with all legal proceedings (including discovery proceedings before the court) as to which a party submits Protected Material to the court, that party shall file a written application to file under seal pursuant to Local Rules 79-5 and submit the Protected Material to the court in accordance with Local Rule 79-5.

   12.2   This Order does not govern the treatment of Protected Material at trial, which shall be raised by the parties but separately addressed by the Court.

**13.   MISCELLANEOUS.**

   13.1   **Right to Further Relief**.  Nothing in the Order abridges the right of any person to seek its modification by the court in the future.

   13.2   **Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**14.   FINAL DISPOSITION.**

   Within 60 days after the final disposition of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) all the Protected Material that was returned or destroyed. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

14

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**IT IS SO ORDERED.**

Date: November 15, 2013

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

15

[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury that
I have read in its entirety and understand the Stipulated Protective Order that was
issued by the United States District Court for the Central District of California on
[date] in the case of OptumRx, Inc. v. Sanofi-Aventis U.S. LLC, Case No. SACV112-
01642 JVS (FFMx). I agree to comply with and to be bound by all the terms of this
Stipulated Protective Order and I understand and acknowledge that failure to so
comply could expose me to sanctions and punishment in the nature of contempt. I
solemnly promise that I will not disclose in any manner any information or item that is
subject to this Stipulated Protective Order to any person or entity except in strict
compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court
for the Central District of California for the purpose of enforcing the terms of this
Stipulated Protective Order, even if such enforcement proceedings occur after
termination of this action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
[printed name]


Signature: _____
[signature]

LAACTIVE-601278076.1

16

[PROPOSED] STIPULATED PROTECTIVE ORDER